

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4931 | **DATE** | 5/19/2011 |
| **CASE TITLE** | Federal Trade Commission vs. Central Coast Nutraceuticals, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Defendants' Motion for Release of Defendant Gibson's Frozen Funds for Payment of Defendants' Attorneys' Fees [81] is denied.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

Before the Court is Defendants Central Coast Nutraceuticals, Inc., iLife Health and Wellness, LLC, Simply Naturals, LLC, Fit For Life, LLC, Health and Beauty Solutions LLC, Graham D. Gibson and Michael A. McKenzy's (collectively, "Defendants") Motion for Release of Defendant Gibson's Frozen Funds for Payment of Defendants' Attorneys' Fees. For the following reasons the Motion is denied.

As an initial matter, the Court notes that much of what Defendants argue is not before the Court. Although Defendants stipulated to a preliminary injunction, this did not obviate the motion. The Court entered an order granting relief on the basis of the pleadings in this case. The Federal Trade Commission ("FTC") made a strong case to support the freeze order entered. The FTC obtained the freeze order because the Court determine it was likely to prevail on the merits and that restitution would be an appropriate remedy. See FTC v. World Travel Vacation Brokers, Inc., 861 F.3d 1020, 1031 (7th Cir. 1988). The FTC argues that restitution could reach $80 million, which far exceeds Defendants' available assets. The strength of the FTC's case includes voluminous documentation, other exhibits, and admissions of Defendants Gibson and McKenzy. Accordingly, the Court "had a duty to ensure that the assets of the . . . defendants were available to make restitution to the injured customers." World Travel Vacation Brokers, Inc., 861 F.2d at 1031.

Nevertheless, the FTC agreed to a substantial release of funds to cover attorneys' fees. The FTC released an advance of $149,564.34 from Defendant Gibson's frozen funds for payment of Defendants' attorneys' fees based on counsel's representation that the amount would be sufficient to cover most of the case. This amount, however, was exhausted after only the first two months of litigation. Defendants incurred considerable legal fees before they filed a single pleading, propounded or responded to any discovery, or attended a single deposition. Having between fourteen and twenty attorneys act on behalf of the Defendants appears to be more of a luxury than a necessity. See, e.g., Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C., 574 F.3d 852, 858 (7th Cir. 2009) ("Though efficiency can sometimes be increased through collaboration, overstaffing cases inefficiently is common, and district courts are therefore encouraged to scrutinize fee petitions for duplicative billing when multiple lawyers seek fees." (citations omitted)); Lipsett

<u>v. Blanco</u>, 975 F.2d 934, 938 (1st Cir. 1992) ("A trial court should ordinarily greet a claim that several lawyers were required to perform a single set of tasks with healthy skepticism."). The FTC has also released monthly living expenses for Defendant Gibson totaling more than $117,000. Additionally, Defendant McKenzy has obtained a release of all of his personal assets.

Defendants assert that "[w]ithout the funds they seek, Defendants will be deprived of a proper legal defense which, in turn, will essentially impose a finding of guilt upon them before discovery even begins." Defs.' Mot. for Release of Def. Gibson's Frozen Funds for Payment of Defendants' Att'ys' Fees 9. This argument is disingenuous. As the FTC points out, Defendants Gibson and McKenzy have assets that are allegedly exempt from any judgment in this case, such as homestead property and retirement accounts, the total value of which exceeds the amount sought by Defendants' counsel. Pl's Resp. in Opp'n to Defs.' Mot. for Release of Def. Gibson's Frozen Funds for Payment of Defs.' Att'ys' Fees 11 n.26. Further, the FTC has brought to the Court's attention that "Gibson apparently has not paid his team of lawyers from his monthly living expenses, although he has gone on vacation." <u>Id.</u> at 6. The Court therefore finds that Defendants Gibson and McKenzy have access to sources of money to pay counsel.

The Motion requesting payment of the additional amount of approximately $170,000 for Defendants' attorneys' fees from frozen accounts of Defendant Gibson is denied. <u>See, e.g.</u>, <u>CFTC v. Am. Metals Exch. Corp.</u>, 991 F.2d 71, 79-80 (3d Cir. 1993) (finding no abuse of discretion where the district court denied a request to pay attorney's fees from frozen assets because defendants had access to funds not in receivership). The frozen accounts on successful prosecution by the FTC should remain available as a major source of recovery by the victims.

IT IS SO ORDERED.

