# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4931 | **DATE** | 5/25/2011 |
| **CASE TITLE** | Federal Trade Commission vs. Central Coast Nutraceuticals, Inc., et al. | | |

## DOCKET ENTRY TEXT

Motion of Receiver for Order Authorizing Payment of Administrative fees and Expenses Incurred for the Period August 6, 2010 Through September 30, 2010 [52] is granted in part and denied in part. The Court authorizes the payment of fees and expenses in the amount of $287,761.44.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court is Lisa Snow's (the "Receiver") Motion for Order Authorizing Payment of Administrative Fees and Expenses. The Receiver seeks $302,906.78 for payment of the Receiver, her staff, and her counsel for the period of August 6, 2010 through September 30, 2010. For the Following reasons the Motion is granted in part and denied in part. The Court authorizes the payment of fees and expenses in the amount of $287,761.44, which reflects a 5% reduction in the fee application.

As an initial matter, the Court notes that a fee application is presumptively reasonable if it contains sufficient descriptive detail. FTC v. Capital Acquisitions & Mgmt. Corp., No. 04 C 7781, 2005 WL 3676529, at *3 (N.D. Ill. Aug. 26, 2005) (citing In re Hunt's Health Care, Inc., 161 B.R. 971, 980 (Bankr. N.D. Ind. 1993). The Court has thoroughly examined the Motion and supporting documents, and finds that the Receiver's submissions adequately establish a prima facie case in support of the requested amount. See id. at *3-4. The request is therefore presumptively reasonable. See id. As a result, Defendants have the burden of "explaining what therein is unreasonable or, at least, what would be reasonable under the circumstances." Id. at *4; see also Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (advising district courts to exclude from fee calculations hours that were not "reasonably expended," i.e., hours that are "excessive, redundant, or otherwise unnecessary").

Defendants argue that the fees are unreasonable because if the Receiver's request is granted it would be a major depletion of Defendants' assets, and would leave little funds available for consumer redress, if such redress is warranted. Defendants, however, may not object to the fee request "based on the general proposition that the fee sought is simply too much." Capital Acquisitions & Mgmt. Corp., 2005 WL 3676529, at *4-5 (quoting In re Hunt's Health Care, 161 B.R. at 982; citing In re Cont'l Ill. Sec. Litig., 962 F.2d 566, 570 (7th Cir. 1992)). Defendants also assert that it is unreasonable for the Receiver to travel to Arizona to carry out her duties. Instead, Defendants contend that the Receiver should utilize local Arizona personnel to monitor the Arizona facilities, citing the differences between the hourly rates in Chicago and Arizona. The Court disagrees. Chicago is the relevant community to determine reasonable fees; its rates

# STATEMENT

therefore control. See Blum v. Stenson, 465 U.S. 886, 895 (1984). Further, the Court rejects Defendants' argument that the Receiver should have to go to Arizona alone to perform her tasks without her colleagues and back-up personnel. The Court also finds that there is no indication that the Receiver overspent with respect to transportation or otherwise. Defendants even go so far as to suggest that the Receiver's personnel "fraudulently posed as Graham Gibson's secretary in attempts to obtain information regarding contracts between defendant CCN and third parties." Defs.' Opp'n to Receiver's Mot. for Fees 2 (citations omitted). There is nothing to support this fraud allegation.

The Court, however, agrees with Defendants that the Receiver has billed unreasonable hours for menial tasks that are otherwise clerical in nature. Defendants point out, for example, that the Receiver's submissions indicate hours spent in opening bank accounts, depositing checks, and searching through boxes looking for tax returns. Moreover, the Receiver has micro-managed others performing clerical tasks rather than delegating assignments to an assistant. The Court commends the Receiver, her staff, and her counsel's attention to detail. But at some point, such scrutiny, including redundancy of review and revision, becomes inefficient and excessive, even clerical in nature. Although the FTC has not filed an objection to the Receiver's Motion, Defendants assert that the FTC is not opposed to a reduction in fees. The Court has no reason to doubt that. Accordingly, the Court finds that a reduction in the fee amount is appropriate.

"In light of the voluminous nature of fee applications, 'courts have recognized that it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application. These courts have endorsed percentage cuts as a practical means of trimming fat from a fee application.'" SEC v. Byers, 590 F. Supp. 2d 637, 648 (S.D.N.Y. 2008) (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146 (2d Cir.1983)); see also Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc., 776 F.2d 646, 657 (7th Cir. 1985) (rejecting a line-by-line reduction as impractical and endorsing percentage cuts). Here, the record contains pages upon pages of single spaced entries describing how the Receiver, her staff, and her counsel spent their time. The Court determines that a percentage reduction is appropriate and, in its discretion, reduces the amount of fees sought by 5%. See Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc., 776 F.2d at 658-59. The Court therefore authorizes the payment of fees and expenses in the amount of $287,761.44.

IT IS SO ORDERED.